UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

MARK ANTHONY COMRIE,

Debtor.

Chapter 7

Case No: 25-12213 (DSJ)

## OPINION CONFIRMING THE AUTOMATIC STAY NEVER CAME INTO EFFECT WITH RESPECT TO A POSSESSORY JUDGMENT ISSUED IN STATE COURT PURSUANT TO 11 U.S.C. 362(B)(22) AND (L)

**APPEARANCES:**

Mark Anthony Comrie
*Pro Se*
2021 Holland Avenue, Apt. 4C
Bronx, New York 10462

HARING WELIKSON ROSEN & DIGRUGILLIERS P.C.
*Counsel for Bronxdale Manor LLC*
11 Hillside Avenue
Williston Park, New York 11596
By:    Randi Beth Gilbert

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of Bronxdale Manor LLC, as landlord of the Debtor (the "Movant"), for a comfort order pursuant to 11 U.S.C. §§ 362(b)(22) and (*l*)(2) (the "Motion") [ECF No. 17] confirming that the automatic stay never attached with respect to a possessory judgment issued in state court against the above-captioned Debtor pursuant to a decision and order entered prior to the Debtor's filing of his chapter 7 petition on October 10, 2025 (the "Petition Date"). In the alternative, the Motion seeks entry of an order vacating, modifying and terminating the automatic stay based upon the Debtor's failure to comply with 11 U.S.C. § 362(*l*) as a result of the Debtor's failure to cure the entire pre-petition monetary default on Debtor's

1

residential lease within 30 days of the Petition Date that gave rise to the possessory judgment prior to the Debtor's petition.

At an initial hearing held on March 26, 2026, the Court approved the Motion and directed the Movant to submit a proposed order to Chambers. Also on March 26 but after the hearing was held, the Debtor appeared at the Courthouse and informed the Court that he did not receive notice of the hearing and Motion. As detailed in a scheduling order [ECF No. 18] entered on the docket on the same day, the Court observed that service of the Motion was not made upon the Debtor's current address of record, and ordered the Movant to re-serve the Debtor at his correct address and file an affidavit of service on the docket, while setting a deadline of April 21 for the Debtor to file any response. The same order stated that the Court would approve the Motion if no timely opposition was filed, and that the Court would either rule on the papers or conduct a hearing if an opposition was filed. The Movant filed its affidavit of service on March 27, 2026 [ECF No. 19], stating that it served the notice of the Motion and declaration in support of the Motion by first-class mail to the Debtor's address.

The Debtor filed a response on April 20, 2026 [ECF No. 21]. Broadly speaking, the Debtor seeks denial of the Motion, stating that he has available funds and improved income to make future rent payments while addressing the substantial prepetition arrears. The Debtor also complained that the Movant did not re-serve him in accordance with the March 26 scheduling order.

For the reasons explained below, the Court GRANTS the Motion.

## BACKGROUND

This Opinion provides only such background as is pertinent to this decision. The Movant is the owner and landlord of the residential property located at 2021 Holland Avenue, Bronx,

New York (the "Premises"). *See* Declaration of Randi Beth Gilbert ("Gilbert Decl.") ¶ 3 [ECF

No. 17-1]. In May 2023, the Movant commenced a nonpayment proceeding in state court,

captioned *Bronxdale Manor LLC v. Nina Blake, Mark Comrie et al.*, Index No. LT-323385-

23/BX, based on the Debtor's failure to pay rent. *Id.* ¶ 4. The Debtor did not timely answer, and

the Movant thereafter obtained a default judgment and warrant of eviction pursuant to a decision

and order dated May 27, 2025. *Id.* ¶ 5. Following service of a marshal's notice of eviction, the

Debtor sought relief by order to show cause, and the matter was adjourned to permit the Debtor

an opportunity to obtain counsel. *Id.* ¶¶ 7-8.

On October 7, 2025, the parties entered into a so-ordered stipulation of settlement

pursuant to which the Debtor acknowledged rent arrears of $40,141.29 through October 2025.

Execution of the warrant was stayed through November 21, 2025 to allow payment of those

arrears. *Id.* ¶ 9. The Debtor subsequently defaulted under that stipulation, resulting in the

issuance of a further marshal's notice of eviction and a renewed application by the Debtor to stay

enforcement. *Id.* ¶ 10.

When the parties next appeared in state court in December 2025, the Debtor advised that

he had filed for bankruptcy protection. *Id.* ¶ 11; ECF No. 1. The matter was adjourned to permit

production of bankruptcy filings, and in January 2026, the Debtor produced documents reflecting

the commencement of a Chapter 7 case in this Court and represented that the movant had been

listed as a creditor. Gilbert Decl. ¶ 12. The state court matter was thereafter adjourned again

while the Movant investigated the effect of the bankruptcy filing. *Id.* ¶ 13.

According to the Movant, rent arrears had increased to $45,535.59 as of February 28,

2026. *Id.* ¶ 14. The Movant now seeks a comfort order under Section 362(b)(22) of the

Bankruptcy Code declaring that the automatic stay never arose as to enforcement of the

prepetition judgment for possession, or, alternatively, relief from the stay based on the Debtor's alleged noncompliance with the requirements of Section 362(*l*).

**DISCUSSION**

**I.      The Court Grants the Motion**

**A.  The Automatic Stay Was Never in Effect Pursuant to Section 362(b)(22)**

Section 362(b)(22) states that, subject to Section 362(*l*), the commencement of a case under the Bankruptcy Code does not operate as a stay under Section 362(a)(3) (automatically staying "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate") of:

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22). "The default rule is that the automatic stay does not apply to eviction proceedings where the lessor obtained a judgment for possession prior to the petition date." *In re Williams*, 646 B.R. 399, 402 (Bankr. S.D.N.Y. 2022).

The limited exception provided for in Section 362(b)(22), Section 362(*l*), requires that "[w]here a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor," the debtor must "[so] indicate on the bankruptcy petition and shall provide the name and address of the lessor . . . on the petition." 11 U.S.C. § 362(*l*)(5)(A). Further, if (i) the debtor would be permitted, under nonbankruptcy law, to cure the default giving rise to the judgment of possession, and (ii) the debtor has deposited with the court clerk rent that would become due during the 30-day period following the filing of the bankruptcy petition, *see* 11 U.S.C. § 362(*l*)(1), then Section 362(b)(22)

4

will not apply until 30 days after the debtor's petition is filed. To extend the stay beyond the 30-day period, the debtor must, within that 30-day period, file a further certification under penalty of perjury stating that they have cured "the entire monetary default that gave rise to the judgment under which possession is sought by the lessor." 11 U.S.C. § 362(*l*)(2). If the debtor fails to timely file the certifications outlined in section 362(*l*)(1) or (2), the default rule set forth in section 362(b)(22) "shall apply immediately" and "relief from stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(*l*)(4)(A); *see also In re Benton*, No. 24-10834 (JLG), 2024 WL 3285901, at *4 (Bankr. S.D.N.Y. July 2, 2024); *In re Cooper*, No. 24-35482 (KYP), 2024 WL 4047142, at *4 (Bankr. S.D.N.Y. Sept. 4, 2024).

Here, the Debtor failed to satisfy the requirements of section 362(*l*) and thus the limited exception set forth in Section 362(*l*) does not apply based on the facts presented. Although Schedule G of the Debtor's petition lists the Movant as his landlord, *see* ECF No. 1 at 27, and the petition lists Movant as a creditor, *see id.* at 62, Debtor did not indicate that the Movant had obtained a prepetition judgment of possession in May 2025, whether by Official Form 101A or otherwise. *See* 11 U.S.C. § 362(*l*)(5)(A). Arguably, the stay never came into effect at all because the Debtor did not strictly comply with Section 362(*l*)(5)(A). *See id.* But even assuming that the Section 362(*l*)(5)(A) were satisfied by the Debtor's disclosures in the petition, the Debtor did not deposit with the clerk the postpetition rent required for the initial thirty-day stay, and did not certify or demonstrate an ability to cure the monetary default that gave rise to the judgment. *See* 11 U.S.C. § 362(*l*)(1). Nor did the Debtor cure the arrears within the statutory thirty-day period or remain current on postpetition obligations thereafter to extend the hypothetical stay beyond 30 days. *See id.* § 362(*l*)(2). As of February 28, 2026, the asserted rental arrears totaled $45,535.59.

On that basis, Section 362(*l*) affords no protection here and thus the stay is inapplicable by operation of statute, such that the Movant is entitled to proceed with and complete the eviction process. The Court's ruling does not impact the Debtor's ability to seek a consensual resolution with the Movant.

This conclusion makes it unnecessary to rule on Movant's request in the alternative for an order vacating the stay to the extent necessary to permit the landlord to proceed with eviction. To the extent such relief were necessary, the Court would grant it under Bankruptcy Code Section 362(d)(1), which mandates lifting the stay for cause including a "lack of adequate protection of an interest in property." Absent relief were it required, the Movant would lack adequate protection of its property interest given Debtor's occupancy of the property without paying for it and with arrearages continuously mounting.

### B. The Motion Was Properly Served Upon Debtor's Current Address in Accordance With the Court's Order

The Debtor contends that as of April 17, 2026, the Movant did not properly re-serve him with the Motion in accordance with the Court's March 18 scheduling order. This contention is belied by the affidavit of service filed by the Movant on March 27, attesting that the Movant re-served the Debtor by first class mail. Notice by first-class mail is sufficient. See *Weigner v. City of N.Y.*, 852 F.2d 646, 651 (2d Cir. 1988) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 319 (1950)).

**CONCLUSION**

For the foregoing reasons, the Motion is GRANTED and the Debtor's objection is overruled. The Movant is to email a proposed order effectuating and memorializing this ruling to chambers. The Debtor's time to appeal will begin to run upon entry of such an order.

IT IS SO ORDERED.

Dated:   New York, New York          *s/ David S. Jones*
        May 8, 2026                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE